

# The Attorney General of Texas

May 30, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John A. Traeger
Chairman
Committee on Intergovernmental
  Relations
Texas State Senate
Austin, Texas 78711

Opinion No. MW-348

Re: May state release claims on land deeded to former office of the State Superintendent of Public Instruction

Dear Senator Traeger:

Senate Bill 1027, which you submit with your request, releases any claim by the state to a one-acre tract of land deeded from an individual to "Ashbel Smith, Superintendent of Public Instruction and his successors in office...." You inform us that the successors of the original grantor have been in continuous possession of the land for many years. The bill provides for the restoration of title to a successor of the original grantor. You inquire whether the Texas Constitution prohibits the enactment of Senate Bill 1027.

The office of the State Superintendent of Public Instruction was established in 1884. Acts 1884, 18 Leg., 1st S.S., ch. 25 §8, art. 7, §12, at 38, 41. The superintendent was charged with the general superintendency of business relating to the public schools of the state. Id. §13. In our opinion, he was empowered to accept grants of property for school purposes on behalf of the state. The state has power to acquire property, dispose of it, and place it in the hands of a custodian. Conley v. Daughters of the Republic, 156 S.W. 197 (Tex. 1913).

In 1949, the legislature established the position of State Commissioner of Education and gave him the powers and duties formerly vested in the State Superintendent of Public Instruction. Acts 1949, 51st Leg., ch. 299, art. V, §1, at 537, 543. See Educ. Code §11.25.

On the facts presented, of which we have no direct knowledge, the tract of land described in Senate Bill 1027 belongs to the state, and we must conclude, in the absence of additional facts, is in the custody of the Commissioner of Education. Its continuous possession by successors of the original grantor does not give them an interest in it. Adverse possession would not run against the state. Humble Oil & Refining Co. v. State, 162 S.W. 2d 119, 134 (Tex. Civ. App. - Austin 1942, writ ref'd). Nor is the state's title affected by the lapse of time, laches, payment of taxes, or the dereliction of its offices. Id.

The constitution prohibits the legislature from giving away state money or property. Tex. Const. art. III, §§44, 51, 52, 55. See also Tex. Const. art. 3, §56. Attorney General Opinion WW-185 (1957). Consequently, Senate Bill 1027, which gratuitiously disposes of state property, would be unconstitutional if enacted.

### S U M M A R Y

Senate Bill 1027, if enacted, would be unconstitutional because it would authorize the gratuitious disposition of state property to an individual.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Carl Glaze
Rick Gilpin
Jim Moellinger
Bruce Youngblood